**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,                           Case Number: 09-12999

v.                                           MARIANNE O. BATTANI
                                                  UNITED STATES DISTRICT COURT
STONEY BRADLEY,                         JUDGE

        Defendant,                          VIRGINIA M. MORGAN
and                                                     UNITED STATES MAGISTRATE JUDGE

INTERSTATE BRANDS CORPORATION and
MICHIGAN DEPARTMENT OF TREASURY,

        Garnishees.

_____ /

**REPORT AND RECOMMENDATION TO DENY DEFENDANT'S OBJECTIONS TO
THE WRIT OF GARNISHMENT**

Before the court are Defendant Stoney Bradley's objections to the writs of garnishment issued by the government to collect payments on his delinquent student loans. (Doc. No. 15, 16). The government filed a response on May 26, 2010. (Doc. No. 26). The magistrate judge heard oral argument on September 9, 2010. For the reasons discussed below, the court recommends **DENYING** Bradley's objections to the writ of garnishment.

**I. Background**

On July 29, 2009, the government filed a collections action in this court to collect monies owed by Bradley on two student loans he obtained in 1983 and 1984. (Doc. No. 1). After Bradley failed to respond to the lawsuit, the government moved for an entry of default and a default

judgment. (Doc. No. 7, 8). The clerk of court entered the default and default judgment on January 4, 2010. (Doc. No. 9, 10).

On June 29, 2010, the government requested the issuance of continuing writs of garnishment to the Michigan Department of Treasury and Bradley's employer, Interstate Brands Corporation. (Doc. No. 12, 13). The court issued the garnishments, as requested. (Doc. No. 15, 16).

On August 6, 2010, Interstate Brands Corporation filed an answer in which it stated that it employed Bradley and reported that his average weekly gross earnings are $594.81 and Bradley's disposable wages are $449.49. (Doc. No. 19). After the time for Bradley to request a hearing had passed, the court ordered Interstate Brands Corporation to garnish twenty-five percent of Bradley's disposable weekly income and pay it to the United States Department of Justice. (Doc. No. 20).

On August 12, Bradley requested a hearing on the writs of garnishment. (Doc. No. 22, 23). The Honorable Marianne O. Battani referred the request for a hearing to this court on August 17, 2010. (Doc. No. 24).

## II. Analysis

In Bradley's request for a hearing on the writs of garnishment, he denies ever obtaining a student loan. Nonetheless, the government has produced a copy of the promissory note that Bradley signed in 1983. (Compl. p. 4). Bradley did not state in his response that he is unable to pay the debt or that the garnishment order is onerous, nor has he presented any reason why he did not respond to the government's complaint. There appears to be no reasons, therefore, to set aside the judgment or the garnishment order.

## III. Conclusion

For the reasons stated on the record and described in this report and recommendation, the court recommends that Bradley's objection to the garnishment be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: September 29, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and Stoney Bradley via the Court's ECF System and/or U. S. Mail on September 29, 2010.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan

3